# SUPPLEMENT.

## Abstracts of Decisions of the Supreme Court, rendered at the April Term, 1871.

### TENENT vs. THE MUSKEGON BOOMING COMPANY.

Bill in equity dismissed, it appearing that complainant has an adequate remedy at law.

Appeal from Muskegon Circuit.

*Opinion by* CHRISTIANCY, J.—The bill was dismissed below upon demurrer, and the question was whether it stated a case which entitled the complainant to equitable relief. June 1, 1869, Thoden Newell owned some land purchased of the United States, on the Muskegon River. He had platted the lands clear of the water and leased the water privileges to the defendant company. The lease was to expire March 1, 1870, and defendants were in possession transacting their busines. June 1, the aforesaid Newell sold to complainant for $26,000, twenty-three lots fronting on the said river and extending to the center of the stream, subject to the public right of navigation. It was also subject to the lease, and complainant was entitled to the rents. Complainant in due season notified defendant that he should want possession of the leased premises as soon as the lease expired, as he required this part of the property for his own use, he having a steam saw mill in the immediate vicinity.—But complainant has been unable to get possession of the premises, as defendants persist in holding over; so he has 100,000,000 feet of logs which he wishes to raft to his mill, but is unable to do so because of the course of the defendants. Irreparable injury is charged and the complainant prays that the defendants may be de-

.creed to remove forever, and release to complainant all claim and pretence of claim to said lands; that complainant's title may be decreed free from the cloud created by such claims, that defendants may be enjoined from using the lands, etc.

*Held*, That supposing the averments of the title to be true, no case requiring the interposition of a court of equity was made out. The complainanant has a clear and perfect remedy at law. It is the common case of a tenant holding over after the expiration of his lease, and no reason is shown why the tenant cannot avail himself of the summary action given by the statute, and oust the defendants, or why he cannot resort to an action of ejectment. If complainant had proceeded at law, he might have obtained the auxiliary writ of injunction from the Court of Chancery to restrain the defendants from injuring his property, but there is no ground for exercising original jurisdiction. The Court considered that no case was made which warranted relief upon the ground of a cloud existing upon complainant's title, nor did it consider the danger of irreparable injury by any means as strong as charged in the bill.

The decree of the Court below, dismissing the bill, was affirmed, with costs.